NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0426n.06

No. 23-3352

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

HADEEL KHALASAWI,

    Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

    Respondent.

)
)
)
)
)
)
)
)
)
)

**FILED**

Oct 05, 2023
DEBORAH S. HUNT, Clerk

ON PETITION FOR REVIEW
FROM THE UNITED STATES
BOARD OF IMMIGRATION
APPEALS

Before: SUTTON, Chief Judge; KETHLEDGE and READLER, Circuit Judges.

KETHLEDGE, Circuit Judge. Hadeel Khalasawi petitions for review of the Board of Immigration Appeals' denial of his third motion to reopen his order of removal. We deny the petition for nearly the same reasons we denied his petition as to his second motion to reopen.

We recited the relevant facts in our last opinion in Khalasawi's case. *See Khalasawi v. Garland*, No. 19-3339/21-3895, 2022 WL 2679048, at \*1 (6th Cir. July 12, 2022). To summarize: Khalasawi is an Iraqi-born Christian who has compiled a substantial criminal record while in the United States. An immigration judge ordered him removed in 1998. The Board reopened his case in 2018; an immigration judge denied his application for deferral of removal under the Convention Against Torture; and the Board affirmed. Khalasawi then filed a second motion to reopen, which the Board denied. Khalasawi petitioned this court for relief as to both of the Board's decisions; we denied both petitions just last year. Khalasawi promptly filed another motion to reopen, which the Board again denied, finding that Khalasawi's evidence did not show that conditions in Iraq had

materially changed since the immigration judge's 2018 decision. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii). Khalasawi then filed this petition for review.

We review the Board's denial of Khalasawi's motion for an abuse of discretion. *Trujillo Diaz v. Sessions*, 880 F.3d 244, 248 (6th Cir. 2018). We see none on this record. Khalasawi presents nearly the same arguments and evidence that he presented to us last time. His expert is different, but the expert's conclusions are virtually the same. And the reports that Khalasawi cites show a continuation of adverse circumstances, not a material worsening of them. The 2021 State Department report, for example, said that violence against religious minorities "remained widespread" in Iraq and that "discrimination continued to stoke ethno-sectarian tensions[.]" Those statements simply do not compel a conclusion that conditions in Iraq have gotten worse since the immigration judge denied relief on the merits in 2018. We can only conclude, therefore, that the Board did not abuse its discretion when it determined that Khalasawi's new evidence failed to demonstrate that conditions had materially changed in Iraq.

Khalasawi's remaining two arguments are without merit. Khalasawi argues that the Board misstated the standard for materiality when it denied his motion. He is mistaken: the standard for reopening requires a "material change in country conditions[,]" *see, e.g.*, *Dieng v. Barr*, 947 F.3d 956, 962 (6th Cir. 2020); and that is the standard the Board applied here. Nor is Khalasawi entitled to relief on the ground that Detroit immigration judges have granted relief to other Chaldean Christians. None of those decisions came on a motion to reopen, and thus none of them involved the same standard we apply here.

\*  \*  \*

Khalasawi's petition is denied.